UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELONEY BENJAMIN,

    Plaintiff,

v.                                                          Case No. 06-C-1160

WHEATON FRANCISCAN
HEALTHCARE - ST. JOSEPH, INC.
(f/k/a ST. JOSEPH REGIONAL
MEDICAL CENTER, INC.) and
HEATHER YOPS,

    Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

### I. BACKGROUND

This action was commenced on November 8, 2006, when the plaintiff, Meloney Benjamin ("Benjamin"), proceeding *pro se*, filed a complaint against the defendants, Wheaton Franciscan Healthcare - St. Joseph, Inc. ("St. Joseph") and Heather Yops ("Yops"). In her complaint, Benjamin alleges discrimination in employment due to her arrest record. Specifically, the material text of Benjamin's complaint reads as follows:

> There is reason to believe that Repondent [sic] discriminated against me because of my arrest record when it discharged me . . . Ms. Patterson accused me of engaging in property damage. Other than the arrest record, this appears to be the only information the Respondent had at its disposal when it made the decision to terminate the complainant . . . There is at least probable cause to find that without the stigma of the complainant's arrest, the Respondent would not have arrived at the same decision, to take the word of Ms. Patterson over that of the complainant, an employee who had worked for the Respondent for over seven years.

(Compl. at 3.)

Currently pending before the court is the defendants' motion to dismiss for lack of subject matter jurisdiction, which motion was filed on January 19, 2007. No response to the defendants' motion has been filed by the plaintiff. Thus, the defendants' motion is fully briefed and is ready for resolution. For the reasons which follow, the defendants' motion to dismiss will be granted.

## II. DISCUSSION

The defendants contend that the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and Civil Local Rule 7.1 (E.D. Wis.) because the court lacks subject matter jurisdiction over the action. Specifically, the defendants argue that this court lacks federal question jurisdiction over the action because Benjamin's claim consists exclusively of a state law claim of discrimination based on an arrest record. The defendants also contend that there is no basis for diversity jurisdiction because Benjamin and St. Joseph are both citizens of Wisconsin.

A Rule 12(b)(1) motion to dismiss tests the federal jurisdiction of a complaint. *See* Fed. R. Civ. P. 12(b)(1). Plaintiffs bear the burden of proving the existence of subject matter jurisdiction. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). In analyzing a Rule 12(b)(1) motion, the court may look beyond the pleadings. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *Int'l Harvester Co.*, 623 F.2d at 1210. The court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Long*, 182 F.3d at 554; *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980).

A district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 29 U.S.C. § 1331. Courts "have long held that 'the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "To bring a case within the [federal-question] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. (quoting *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936).

A claim of employment discrimination based on an arrest record is not a claim arising under the Constitution, laws, or treaties of the United States. Rather, such a claim is exclusively a state law claim under the Wisconsin Fair Employment Act, Wis. Stat. §§ 111.31-111.395. Under Wis. Stat. § 111.321, "no employer, labor organization, employment agency, licensing agency or other person may engage in any act of employment discrimination . . . against any individual on the basis of . . . arrest record." However, there is no federal prohibition against an employer terminating an employee based on arrest record, under either federal statute or the United States Constitution. *See Franklin v. City of Evanston*, 384 F.3d 838, 846 (7th Cir. 2004) ("we fail to see how [plaintiff's] claimed violation of Illinois's prohibition against using an arrest as a basis for discharging employees could amount to a due process violation implicating a liberty interest protected by the federal constitution.").

Nothing in Benjamin's complaint suggests any other type of discrimination other than discrimination because of her arrest record. To be sure, a Wisconsin Department of Workforce Development Equal Rights Division investigator's Initial Determination found no probable cause that St. Joseph violated the Wisconsin Fair Employment Law §§ 111.321 by terminating Benjamin because of her race. However, although discrimination based on race can give rise to a claim under

3

the Constitution, laws, or treaties of the United States, there is nothing on the face of Benjamin's federal complaint which mentions race as a factor in her termination.

Moreover, this court does not have diversity jurisdiction over this action. For a suit to be based on diversity jurisdiction, there must be complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1992). In order for complete diversity to exist, no defendant can be a citizen of the same state as any plaintiff. 28 U.S.C. § 1332(a); *Carden*, 494 U.S. at 187.

In the case at hand, Benjamin and St. Joseph are both citizens of Wisconsin. Benjamin lists her address as 6744 N. Sidney Place, Milwaukee, Wisconsin. For purpose of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). St. Joseph is incorporated in Wisconsin, and its principal place of business is at 5000 W. Chambers Street in Milwaukee. As both Benjamin and St. Joseph are citizens of the same state, there is no complete diversity of citizenship.

In sum, this court has neither subject matter nor diversity jurisdiction over this action. As a result, Benjamin's action will be dismissed. However, this dismissal will not result in the complete loss of Benjamin's claims. Indeed, a Wisconsin Department of Workforce Development Equal Rights Division investigator's Initial Determination found probable cause that St. Joseph may have violated the Wisconsin Fair Employment Law §§ 111.31-111.395 by terminating Benjamin because of her arrest record. The Equal Rights Division has certified for a formal hearing Benjamin's claim of discrimination based on her arrest record, and the parties are awaiting a notice of hearing. Such

4

Case 2:06-cv-01160-WEC   Filed 03/20/07   Page 4 of 5   Document 15

being the case, Benjamin may still have an opportunity to present her state law claims before an administrative law judge.

**NOW THEREFORE IT IS ORDERED** that the defendants' motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's complaint and this action be and hereby are **DISMISSED**;

**SO ORDERED** this 20th day of March 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge